UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE
FOR STRUCTURED ADJUSTABLE RATE
MORTGAGE LOAN TRUST, MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2007-8,

                            Plaintiff,

               -against-

H. CHRISTOPHER WHITTLE; 100 BRIAR PATCH,
LLC; GOLDEN EAGLE INTERNATIONAL
TRADING LIMITED, A HONG KONG
CORPORATION; PURE EAST GLOBAL
INVESTMENTS LIMITED, A BRITISH VIRGIN
ISLANDS COMPANY; RICHARD B. MONTANYE AS
SUCCESSOR TRUSTEE OF THE PIRA TRUST BY
APPOINTMENT DATED DECEMBER 15, 2007;
AVENUES GLOBAL HOLDINGS LLC; and
NEW YORK STATE DEPARTMENT OF TAXATION,

                            Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
22-CV-05484 (JMA) (SIL)

FILED
CLERK
11:17 am, Nov 27, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      Plaintiff U.S. Bank National Association brought the instant action to foreclose on a mortgage encumbering the property at 100 Briar Patch Road, East Hampton, New York 11937 (the "Property").  See Compl., ECF No. 1.  Presently before the Court is Plaintiff's unopposed motion for (1) default judgment against all non-appearing defendants and (2) summary judgement against the two defendants who have appeared (the "Motion").  See ECF No. 45.  Plaintiff seeks recovery of outstanding principal and interest due on the mortgage note, as well as entry of a judgment of foreclosure and sale of the Property.  Plaintiff's motion is GRANTED IN PART and DENIED IN PART as set forth herein.

I.      FACTUAL BACKGROUND

For the unopposed motion for default judgment, the Court accepts as true Plaintiff's factual assertions that are well-pled in the Complaint.  See Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam) (holding that courts must accept well-pled factual allegations as true on a motion for default judgment).  For the unopposed motion for summary judgment, the Court accepts as true Plaintiff's factual assertions that are supported by undisputed documentary evidence.  See Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co., 373 F.3d 241, 244, 246 (2d Cir. 2004) (holding the district court may "accept the movant's factual assertions as true" when adjudicating an unopposed summary judgment motion).

   A.     The Note and Mortgage

On November 6, 2006, defendant H. Christopher Whittle ("Borrower") executed a note in favor of nonparty Lehman Brothers Bank, FSB in the amount of $8,250,000.00 (the "Note").  ECF No. 45-6.  That same day, Borrower executed a mortgage on the Property to secure the Note (the "Mortgage").  ECF No. 45-7.  On December 18, 2006, the Mortgage was recorded in the Suffolk County Clerk's Office.  Id.  On July 17, 2013, the Mortgage was assigned to nonparty Nationstar Mortgage LLC; this assignment was recorded in the Suffolk County Clerk's Office on February 21, 2014.  See ECF No. 45-3 ¶ 6; ECF No. 45-8.

Since September 1, 2021, Borrower has breached the Note and Mortgage (the "Agreements") by failing to make the required monthly payments.  See ECF No. 45-3 ¶ 10.  On November 3, 2021, Borrower was sent a default notice via first class mail, which stated that the total amount in arears was $192,917.73 and Borrower must correct the default.  See ECF No. 45-10.  The default notice further stated that the Borrower's failure to cure the default by December 8, 2021, would permit acceleration of the loan and foreclosure and sale on the Property.  See id. That same day, Borrower was sent via first class and certified mail the 90-day notice required by

2

New York's Real Property Actions And Proceedings Law ("RPAPL") Section 1304(1). ECF No. 45-11. Consistent with RPAPL Section 1306, the Superintendent of the New York State Department of Financial Services was notified within three days that Borrower had been sent the 90-day notice. See ECF No. 45-3 ¶ 16; ECF No. 45-12. On May 31, 2022, the Mortgage was assigned to Plaintiff; this assignment was recorded in the Suffolk County Clerk's Office on February 3, 2023. See ECF No. 45-3 ¶ 7; ECF No. 45-8.

### B. Additional Relevant Parties

Defendant 100 Briar Patch LLC has been a 50% record owner of the Property since November 30, 2017. See ECF No. 45-15 (showing that Borrower transferred 50% of his interest in the Property to nonparty Priscilla Ratazzi Whittle on November 26, 2013, and that Ms. Whittle later transferred that interest to 100 Briar Patch LLC on November 30, 2017). Three Defendants hold subordinate mortgages on the Property: (1) Golden Eagle International Trading Limited, a Hong Kong Corporation ("Golden Eagle"); (2) Pure East Global Investments Limited, a British Virgin Islands Company ("Pure East"); and (3) Richard B. Montanye as Successor Trustee of the PIRA Trust (by appointment dated December 15, 2017) ("PIRA"). See ECF No. 45-14 (documenting Golden Eagle's mortgage); ECF No. 45-16 (documenting Pure East and PIRA's mortgages). Defendant Avenues Global Holdings LLC ("Avenues Global") allegedly holds a junior lien of an unspecified type on the Property. See ECF No. 1 ¶ 8. Defendant New York State Department Of Taxation And Finance ("NYSDTF" and together with Borrower, 100 Briar Patch LLC, Golden Eagle, Pure East, PIRA, and Avenues Global, collectively "Defendants") is "a necessary party to this action by virtue of the fact that there may be possible unpaid franchise taxes due to the State of York." Id. ¶ 9.

3

## II. PROCEDURAL HISTORY

On September 14, 2022, Plaintiff filed the Complaint with the special summonses required by RPAPL Section 1320.[1] Compare ECF Nos. 1-8, with N.Y. REAL PROP. ACTS. LAW § 1320 (providing the summons required for a foreclosure action on a residential property with three or fewer units). Defendants were duly served with summonses and copies of the Complaint. See ECF Nos. 17-23. Golden Eagle and Avenues Global were the only defendants to file answers. See ECF Nos. 25, 34. The Clerk of the Court entered certificates of default for all other defendants on February 24, 2023. See ECF No. 29.

On July 26, 2023, Plaintiff, Golden Eagle, and Avenues Global stipulated to a briefing schedule for the instant motion. See ECF No. 43. On August 24, 2023, those parties completed discovery. See ECF No. 41 (setting that deadline); ECF No. 44 (joint confirmation that the appearing parties conducted discovery as scheduled). On August 31, 2023, Plaintiff filed the instant motion consistent with the stipulated schedule and served same by mail upon all defendants in default. See ECF No. 45. None of the Defendants opposed this motion.

## III. LEGAL STANDARDS

### A. Default Judgment

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Second, after a default has been entered

---

[1] The Complaint named, in addition to Defendants, twelve unknown John Doe defendants alleged to be necessary parties because they "hold[]or claim[]to hold certain leaseholds, tenancies, sub-tenancies, possessory or other interests . . . in and to any judgment or liens upon" the Property. ECF No. 1 ¶ 10; see REAL PROP. ACTS. LAW § 1311(1) (requiring such parties to be defendants in a foreclosure action). On October 30, 2023, the Court granted Plaintiff's request to dismiss the John Doe Defendants because "Plaintiff has not identified any John Doe defendants that need to be joined in the action . . . ." ECF No. 46; Oct. 30, 2023 Order Dismissing Parties.

4

against the defendant, and provided the defendant failed to appear and move to set aside the default, the court may, on a plaintiff's motion, enter a default judgment. See FED. R. CIV. P. 55(b)(2).

Before imposing a default judgment, the district court must accept well-pled allegations as true and determine whether they establish the defendant's liability as a matter of law. Bricklayers, 779 F.3d at 187. "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Id. at 189 (internal alterations and quotations omitted). Instead, the plaintiff must establish to a "reasonable certainty" entitlement to the relief requested. Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012) (internal quotations omitted).

### B.  Summary Judgment

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "No genuine dispute of material fact exists when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." McKinney v. City of Middletown, 49 F.4th 730, 737 (2d Cir. 2022) (internal quotations omitted). "The moving party bears the initial burden of showing that there is no genuine dispute as to a material fact." Jaffer v. Hirji, 887 F.3d 111, 114 (2d Cir. 2018) (internal quotations omitted). For any burden of proof that rests with the nonmoving party, the movant can "point[] to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim." Id. (internal quotations and alterations omitted). Once the moving party carries its burden, "the nonmoving party must come forward with evidence that would be sufficient to support a jury verdict in its favor." McKinney, 49 F.4th at 738 (internal quotations omitted). In this analysis, the Court must "construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." ING Bank N.V. v. M/V Temara, 892 F.3d 511, 518 (2d Cir. 2018). Ultimately, "[t]he role of the district court on summary judgment is 'not

5

to resolve disputed issues of fact but to assess whether there are any factual issues to be tried.'" McKinney, 49 F.4th at 738 (quoting Brod v. Omya, Inc., 653 F.3d 156, 164 (2d Cir. 2011)).

IV.    DISCUSSION

    A.    **Five Of The Defendants Defaulted**

As detailed above, Borrower, 100 Briar Patch LLC, Pure East, PIRA, and NYSDTF each were properly served with a summons and the Complaint but failed to answer, file an appearance, or otherwise defend this action. See supra Part II. The Clerk of the Court properly entered a certificate of default for those defendants on February 24, 2023. See ECF No. 29.

    B.    **Borrower's Liability**

Under New York law, "a plaintiff in an action to foreclose a mortgage [must] demonstrate: 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment.'" Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (quoting Campaign v. Barba, 805 N.Y.S.2d 86, 86 (2d Dep't 2005)). "Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has demonstrated its prima facie case of entitlement to judgment." Id. (citing Fleet Natl. Bank v. Olasov, 793 N.Y.S.2d 52, 52 (2d Dep't 2005)).

Here, Plaintiff submitted copies of the Agreements and chain of assignments, (ECF Nos. 1-2, 1-3, 1-4), which together establish the existence—and Plaintiff's ownership—of the Mortgage and Note. See OneWest Bank, N.A. v. Melina, 827 F.3d 214, 222 (2d Cir. 2016) ("[A] written assignment of the underlying note . . . prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." (quoting U.S. Bank, N.A. v. Collymore, 890 N.Y.S.2d 578, 580 (2d Dep't 2009)).

Plaintiff submitted evidence of Borrower's default in the form of an affidavit by Britney Wilson, Document Execution Associate of Nationstar Mortgage LLC, Plaintiff's mortgage servicer, which states that Borrower defaulted on the Agreements on September 1, 2021. See ECF

No. 45-3 ¶ 10. Additionally, Plaintiff submitted the notices that it was required to send to Borrower under the terms of the Agreements, as well as proof that it complied with its obligations under the RPAPL.  See supra Part I.A (detailing, inter alia, Plaintiff's compliance with its contractual obligations and RPAPL §§ 1304, 1306); ECF Nos. 2-8 (showing summonses compliant with RPAPL § 1320); ECF No. 45-23 (reflecting the Notice of Pendency filed consistent with RPAPL § 1331).

This documentary evidence, together with the allegations in the Complaint, are sufficient to establish Borrower's liability.  Thus, Plaintiff has established its right to foreclose upon the Property.  Accordingly, a judgment of foreclosure and sale will be entered.

### C. 100 Briar Patch LLC's Liability

Under New York law, "[w]hen a mortgagor conveys property burdened by a mortgage, as a matter of law, the grantee takes title subject to the mortgage of record."[2]  2 Bergman on New York Mortgage Foreclosures § 12.04 (2023); see Andy Assocs., Inc. v. Bankers Tr. Co., 49 N.Y.2d 13, 20 (1979) (holding that a purchaser of property after a mortgage is recorded "has no cause for complaint . . . when its interest is upset as a result of a prior claim against the land the existence of which was apparent on the face of the public record at the time it purchased"); Courchevel 1850 LLC v. Mohammed Alam, 464 F. Supp. 3d 475, 482 (E.D.N.Y. 2020) (explaining that one who acquirers a New York property subject to a recorded mortgage obtains said property "burdened by the lien" (internal quotations omitted)).

As explained above, the Mortgage was recorded in 2006, Borrower transferred 50% ownership of the Property to nonparty Priscilla Ratazzi Whittle in 2013, and Ms. Whittle transferred that interest to defendant 100 Briar Patch LLC in 2017.  See ECF No. 45-6 (reflecting

---

[2] This is because "[t]he recording of a transaction involving real property provides potential subsequent purchasers and encumbrancers with notice of previous conveyances and encumbrances that might affect their interests." Miller v. Stillwell Rd., Inc., 166 N.Y.S.3d 643, 647 (2d Dep't 2022) (internal quotations omitted).

7

that the Mortgage was recorded on December 18, 2006); ECF No. 45-15 (documenting chain of transfers to 100 Briar Patch LLC). Accordingly, default judgment against 100 Briar Patch LLC—limited to only foreclosure on the Property—is warranted given Plaintiff's above-described entitlement to foreclosure.[3] See Miss Jones, LLC v. Bisram, No. 16-CV-7020, 2018 WL 2074200, at *3 (E.D.N.Y. Feb. 5, 2018) (recommending grant of default judgment and order of foreclosure and sale against record owner of property not alleged to have been a signatory to the note or mortgage), report and recommendation adopted, 2018 WL 2074205 (E.D.N.Y. Feb. 22, 2018); JXB 84 LLC v. Khalil, No. 15-CV-6251, 2017 WL 1184001, at *4 (E.D.N.Y. Feb. 17, 2017) (same), report and recommendation adopted, 2017 WL 1184141 (E.D.N.Y. Mar. 29, 2017).

    **D.**    **Other Defendants' Nominal Liability**

Under the RPAPL, the necessary parties to a mortgage foreclosure include "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." REAL PROP. ACTS. LAW § 1311(3). "The rationale for joinder of these interests derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." 71-21 Loubet, LLC v. Bank of Am., N.A., 174 N.Y.S.3d 400, 404 (2d Dep't 2022) (internal quotations omitted). Plaintiff seeks to extinguish the subordinate liens on the Property held by Golden Eagle, Pure East, PIRA, Avenues Global, and the NYSDTF. Plaintiff must therefore establish this "nominal liability" for each defendant. E.g., Onewest Bank N.A. v. Louis, No. 15-CV-00597, 2016 WL 3552143, at *12 (S.D.N.Y. June 22, 2016) (internal quotations omitted). "To plead nominal liability, a plaintiff must allege 'in great detail' the nature of a defendant's interest in the subject property." Miss Jones LLC v. Brown, No. 17-CV-898, 2020 WL 13889871, at *7 (E.D.N.Y. Aug. 14, 2020) (quoting

---

[3]    100 Briar Patch LLC is not liable to pay the debt underlying the Mortgage because it is not a signatory to the Note or any other document obligating it to pay the Note debt. See Courchevel, 464 F. Supp. 3d at 482.

8

Wells Fargo Bank, N.A. v. Landi, No. 13-CV-5822, 2015 WL 5657358, at *3 (E.D.N.Y. Sept. 22, 2015)), report and recommendation adopted, 2020 WL 5503535 (E.D.N.Y. Sept. 11, 2020).

Plaintiff submitted documents confirming that Golden Eagle, Pure East, and PIRA hold subordinate mortgages on the Property. See ECF No. 45-14 (documenting Golden Eagle's mortgage); ECF No. 45-15 (documenting Pure East and PIRA's mortgages). As such, Plaintiff established "nominal liability" sufficient for judgment against those defendants extinguishing their interests in the Property. See, e.g., CIT Bank, N.A. v. Howard, No. 14-CV-7470, 2018 WL 3014815, at *13 (E.D.N.Y. June 15, 2018) (imposing nominal liability against defendants after reviewing documents confirming their subordinate property interests).

The Court reaches a different conclusion with respect to the two remaining defendants. Plaintiff did nothing more than allege, in conclusory fashion, that Avenues Global "holds a junior lien against the Subject Property" and NYSDTF "may" have an interest in the Property due to "possible" unpaid taxes owed to New York State. ECF No. 1 ¶¶ 8-9. "Lacking here are well-pleaded allegations of nominal liability on [Avenues Global and NYSDTF's] part" such as how or when either of them "came about its lien on the Property demonstrating that [said] lien or interest is subordinate to the Mortgage."[4] Freedom Mortg. Corp. v. Habeeb, No. 19-CV-05881, 2023 WL 5181444, at *13 (E.D.N.Y. July 27, 2023), report and recommendation adopted, 2023 WL 5179668 (E.D.N.Y. Aug. 11, 2023). Plaintiff also did not submit documents with the Motion concerning the purported liens of these two defendants.[5] See id. (finding nominal liability against a defendant

---

[4] Plaintiff's allegations against NYSDTF are deficient for the similar but independent reason that they lack "[d]etailed facts showing the particular nature of the [NYSDTF's] interest in or lien on the real property" as the RPAPL requires. REAL PROP. ACTS. LAW § 202; compare id. (requiring complaints naming the NYSDTF as a defendant in a foreclosure action to allege certain facts depending on NYSDTF's lien type), with ECF No. 1 ¶ 9; see CIT Bank, N.A. v. Paganos, No. 14-CV-3987, 2015 WL 13731361, at *6 (E.D.N.Y. Sept. 25, 2015) (declining to impose nominal liability against NYSDTF because "Plaintiff offers no further detail or documents describing the alleged 'possible' lien, nor does Plaintiff explain its failure to obtain such information"), report and recommendation adopted in relevant part, 2016 WL 3945343 (E.D.N.Y. July 19, 2016).

[5] This shortcoming stands sin contrast to Plaintiff's submission documenting the subordinate nature of Golden Eagle, Pure East, and PIRA's respective interests in the Property. See ECF No. 45-14; ECF No. 45-15.

9

would be improper because plaintiff "has not attached any documentation" regarding that defendant's supposedly subordinate interest in the property); Landi, 2015 WL 5657358, at *3 (declining to impose nominal liability against a defendant because the plaintiff failed to adequately describe that defendant's interest in the property or submit documentation for it). For these reasons, the Court declines to impose liability against Avenues Global and NYSDTF.

### E.   Damages

In addition to the foreclosure and sale of the Property, Plaintiff requests from Borrower $8,160,308.42 composed of (1) $8,144,675.42 in compensatory damages for amounts owed under the Agreements, (2) $13,050.00 in attorney's fees in connection with this action, and (3) $2,583.00 in costs in connection with this action. See ECF No. 45-2 ¶¶ 23-24. The Court may, without holding a hearing, rely on documentary evidence to determine damages. See Bricklayers, 779 F.3d at 189 (affirming default judgment's award of damages calculated without a hearing based on briefs, audits, and affidavits); Metro Found. Contractors, 699 F.3d at 234-35 (holding that default judgment damages may be based on "detailed affidavits and documentary evidence" and affirming default judgment damages so awarded). The Court finds, for the reasons set forth herein, that Plaintiff's submissions adequately support the requests for compensatory damages and costs but are insufficient to support the request for attorney's fees. Accordingly, Plaintiff is awarded a total of $8,147,258.42

#### 1.   Compensatory Damages

The Court finds that Plaintiff's submissions, including the affidavit from Brittney Wilson, establish its requested compensatory damages to a reasonable certainty. See ECF No. 45-3 ¶ 17 (reporting amounts owed for principal balance, interest, and advancements); ECF No. 45-13 (detailing underlying transactions and calculations in support of amounts owed). Accordingly, Plaintiff is awarded $8,144,675.42 in compensatory damages.

10

2. <u>Attorney's Fees</u>

In a diversity action, as here, state law controls the availability and calculation of attorney's fees. See, e.g., <u>Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.</u>, 418 F.3d 168, 177 (2d Cir. 2005) (applying New York law to evaluate attorney's fees awarded in connection with a breach of contract claim). The Mortgage is governed by New York law. <u>See</u> ECF No. 45-7 ¶ 16. "Since there is no statute in New York authorizing the recovery of an attorney's fee in a mortgage foreclosure action, such a fee may only be recovered if it is contractually authorized." <u>Vigo v. 501 Second St. Holding Corp.</u>, 994 N.Y.S.2d 354, 356 (2d Dep't 2014). The intent to award attorney's fees must be "unmistakably clear from the language of the contract." <u>Bank of N.Y. Tr. Co. v. Franklin Advisers, Inc.</u>, 726 F.3d 269, 283 (2d Cir. 2013) (internal quotations omitted). That is the case here. The Agreements expressly authorize reasonable attorney's fees necessary to enforce the Agreements. <u>See</u> ECF No. 45-6 ¶ 7(e); ECF No. 45-7 ¶ 22.

Plaintiff, however, has not adequately supported the instant request for attorney's fees. An attorney's fee award under New York law must be "reasonable and warranted for the services actually rendered" based on factors such as "the time, effort, and skill required; the difficulty of the questions presented; counsel's experience, ability, and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation."[6] <u>Vigo</u>, 994 N.Y.S.2d at 356. "New York courts put the burden of establishing fees' reasonableness on the party seeking fees." <u>Exec. Risk Indem., Inc. v. Fieldbridge Assocs. LLC</u>, 642 F. App'x 25, 26 (2d Cir. 2016) (collecting cases). Yet Plaintiff's memorandum of law in support of the Motion does not address Plaintiff's request for attorney's fees. <u>See generally</u> ECF No. 45-4. And the declaration from Plaintiff's

---

[6] The standard for awarding attorney's fees under federal law is similar. See <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections</u>, 522 F.3d 182, 184 (2d Cir. 2008) (setting forth the factors relevant to determining a reasonable hourly rate, including "the complexity and difficulty of the case" and its "timing demands"); <u>Cruz v. Loc. Union No. 3 of Int'l Bhd. of Elec. Workers</u>, 34 F.3d 1148, 1159 (2d Cir. 1994) (instructing courts to consider hourly rates "prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation" (quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 896 n.11 (1984)).

attorney, Joseph F. Battista ("Battista"), in support of the requested attorney's fees does not specify when work was performed, by whom, or the role and experience of each person at the time they performed the reported task. See ECF No. 45-29 ¶¶ 4-5 (seeking to recover a $300 hourly rate for the cumulative time reportedly spent across unspecified dates on tasks performed "by this firm and Plaintiff's prior counsel"). "Absent such a showing, the plaintiff cannot establish that the attorney's fees are reasonable and warranted for the services actually rendered . . . ." People's United Bank v. Patio Gardens III, LLC, 38 N.Y.S.3d 262, 264 (2d Dep't 2016) (internal quotations omitted); see Exec. Risk Indem., 642 F. App'x at 26 (affirming denial of attorney's fees under New York law because plaintiff "failed to provide the district court with sufficient information" regarding counsel's "experience, ability and reputation").

In addition to lacking sufficient support, the attorney's fee request is overly broad. Plaintiff impermissibly seeks to recover future attorney's fees. See ECF No. 45-29 ¶ 4 (seeking to recover six hours of work "[e]stimated to be performed" once foreclosure and sale are authorized); Onewest Bank, N.A. v. Cole, No. 14-CV-03078, 2015 WL 4429014, at *7 (E.D.N.Y. July 17, 2015) (denying requested attorney's fees for "tasks that have not yet occurred, including 'Post sale activity' despite the Court not yet ordering sale"). Plaintiff also seeks attorney's fees for twelve hours of time spent to "research and respond to" the Court's October 6, 2022, Order To Show Cause. See ECF No. 45-29 ¶ 4. That effort resulted from Plaintiff's failure to properly allege subject matter jurisdiction in the Complaint—a shortcoming Plaintiff could have avoided through proper pleading. See Oct. 6, 2022 Order To Show Cause. Accordingly, Plaintiff cannot recover attorney's fees for its response to the Order To Show Cause. See Raja v. Burns, 43 F.4th 80, 87 (2d Cir. 2022) (affirming that courts should exclude unnecessary time expenditures from attorney's fee awards); Marshall v. Randall, No. 10-CV-2714, 2013 WL 12347282, at *10 (E.D.N.Y. Jan. 24, 2013) (excluding from fee award time spent researching, conferring about, and preparing a certain

application because those efforts were unnecessary); see also Lilly v. City of New York, 934 F.3d 222, 231 (2d Cir. 2019) (explaining that an attorney's fees award must reflect "that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively" (internal quotations omitted)).

This is not the first time that a court in this Circuit has—for the above-described reasons—denied a request for attorney's fees from Battista or on behalf of Plaintiff. The court in Nationstar Mortg. LLC v. Kadlec found the attorney's fee request deficient because Battista, among other things, "elected not to provide dates on which the tasks were performed," did not "denote who performed the tasks or indicate whether he had the assistance of a paralegal," and "erroneously requests fees for activities that have not yet occurred." No. 20-CV-363, 2021 WL 7906568, at *7 (E.D.N.Y. Jan. 11, 2021). Likewise, in U.S. Bank Tr., N.A. v. Dingman, notwithstanding that the amount claimed "seem[ed] reasonable," the court denied Plaintiff's attorney's fee request for lack of sufficient support. No. 16-CV-1384, 2016 WL 6902480, at *6 (S.D.N.Y. Nov. 22, 2016); see also U.S. Bank Tr., N.A. v. Monroe, No. 15-CV-1480, 2017 WL 923326, at *1 n.1 (N.D.N.Y. Mar. 8, 2017) (instructing Plaintiff "not to include requests for attorney's fees in any subsequent motion for default judgment" absent the requisite support).

The Second Circuit has held that "acceptance of additional evidentiary submissions in connection with" an attorney's fee request governed by New York law is "a matter within the district court's discretion." Exec. Risk Indem., 642 F. App'x at 26 (citing Williams v. Citigroup, Inc., 659 F.3d 208, 214 n.3 (2d Cir. 2011) (per curiam)). As Plaintiff and Battista were on notice of the deficiencies in the instant attorney's fee request, the undersigned will not allow Plaintiff to supplement its fee application. See id. (affirming district court's refusal to accept and consider additional materials in support of attorney's fee request).

3. Costs

The Agreements obligate Borrower to pay all costs and disbursements, to the fullest extent allowed by law, in connection with enforcing the Agreements. See ECF No. 45-6 ¶ 7(E); ECF No. 45-7 ¶ 22. "[O]ut-of-pocket litigation costs are generally recoverable if they are necessary for the representation of the client." Prot. One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC., 553 F. Supp. 2d 201, 210 (E.D.N.Y. 2008) (internal quotations and alteration omitted); see LeBlanc–Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) (similar). Plaintiff accordingly requests $2,583.00 for costs incurred in connection with this action, such as (among other things) the filing fee and service of process. See ECF No. 45-28. "Such relief is routinely granted in foreclosure actions where," as here, they are "provided for in the relevant agreements." U.S. Bank Nat'l Ass'n v. 2150 Joshua's Path, LLC, No. 13-CV-1598, 2017 WL 4480869, at *5 (E.D.N.Y. Sept. 30, 2017).

Plaintiff "bears the burden of adequately documenting and itemizing the costs requested." Kadlec, 2021 WL 7906568, at *6 (internal quotations omitted). "Court fees reflected on the Court's docket and costs for which a claimant provides extrinsic proof, such as an invoice or receipt, are considered sufficiently substantiated, as is a sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items." Antoine v. Brooklyn Maids 26, Inc., 489 F. Supp. 3d 68, 105 (E.D.N.Y. 2020). Plaintiff's Bill of Costs, in which Battista swears under penalty of perjury to itemized costs Plaintiff seeks to recover (see ECF No. 45-28), substantiates the relief requested therein. See, e.g., Mendoza v. CGY & J Corp., No. 15-CV-9181, 2017 WL 4685100, at *3 (S.D.N.Y. Oct. 17, 2017) (awarding certain costs because counsel "attested under penalty of perjury" to them).

V. **CONCLUSION**

For the reasons stated above, the Motion is GRANTED IN PART and DENIED IN PART as follows. Plaintiff's motion for default judgment is (1) granted as to Borrower, 100 Briar Patch

LLC, Pure East, and PIRA, and (2) denied as to NYSDTF, with leave to renew. Plaintiff's motion for summary judgment is granted as to Golden Eagle and denied as to Avenues Global, with leave to renew. If it does not seek to renew the motions against NYSDTF and Avenues Global, Plaintiff shall file a proposed judgment consistent with this Order by **December 11, 2023**.

**SO ORDERED.**

Dated:  November 27, 2023

Central Islip, New York

                                                                                      /s/   (JMA)

                                                        JOAN M. AZRACK

                                                        UNITED STATES DISTRICT JUDGE